UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARQUETTA JAMES,

                                Plaintiff,

                                                Complaint

                    -against-

                                         Jury Trial Demanded

BROOME COUNTY, CITY OF
BINGHAMTON, BROOME COUNTY
DISTRICT ATTORNEY'S OFFICE,
CITY OF BINGHAMTON POLICE
DEPARTMENT, CITY OF BINGHAMTON
FIRE DEPARTMENT, BROOME COUNTY
CORRECTIONAL FACILITY, FIRE
MARSHAL TIMOTHY O'NEILL, DET. AMANDA
MILLER, LT. NICHOLAS GRISWOLD,
SGT. DANIEL FLANDERS, CAPTAIN CORY MINOR,
INVESTIGATOR GARY LASKOWSKY,
INVESTIGATOR CARL PETERS and
JOHN/JANE DOE NOS. 1 THROUGH 20, being unknown
employees of Broome County, and City
of Binghamton in their individual and official
capacities, who were involved in the investigation,
prosecution and detention at issue,

                                Defendants.
----------------------------------------------------------------x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

2. The false arrest, wrongful imprison, and malicious prosecution, amongst other constitutional violations stem from law enforcements' and the District Attorneys Office's refusal to accept that the fire in the instant case was not the result of arson but based upon a faulty boiler. Upon information and belief, based upon

speculation that Marquetta James burned down a home at 159 Conklin Avenue in Binghamton, members of the Broome County District Attorney's Office and the Binghamton Police Department conspired with the Binghamton Fire Department to maliciously prosecute Ms. James, arresting her and putting her through over a year of wrongful confinement and needless and illegal criminal proceedings.

3. The Defendants in the case at bar suffered from tunnel vision and refused to accept that no crime was committed, even in the face of an initial report from the Binghamton Fire Department that the cause of the fire was unknown. *See Final Report of the New York State Bar Association's Task Force on Wrongful Convictions*, Pg. 43-44 (April 4, 2009) (Early focus or "tunnel vision" occurs when investigators make a determination before evidence has been reviewed and witnesses have been interviewed.)

4. Ms. James was accused of burning down 159 Conklin Avenue in the City of Binghamton. She was arrested on February 15, 2022, even though the Binghamton Fire Department, by way of Fire Marshall Timothy O'Neill and Lt. Nicholas Griswold, had concluded that the cause of the fire was unknown. *See* Exhibit A – Binghamton Fire Department 159 Conklin Avenue Fire Report. In fact, upon information and belief, Det. Amanda Miller and Investigator Carl Peters of the Binghamton Police Department arrested Ms. James on February15, 2022, for arson **before the fire had even ceased and a fire investigation began**. *See* Exhibit B – Felony Complaint.

5. Later, upon information and belief, Fire Marshal Timothy O'Neill and Lt. Griswold admittedly based any conclusion that the fire was caused intentionally

on speculation. The Binghamton Fire Department speculative findings are the only piece of evidence that indicated that the fire was started intentionally.

6. However, upon information and belief, a member of the Binghamton Fire Department was forced to admit that his conclusions for the prosecution and trial testimony on direct failed to consider evidence that the fire that destroyed 159 Conklin Avenue was caused by something other than intent. Upon information and belief, it was this testimony that led to Ms. James being acquitted.

7. Collectively, the Defendants' reckless and willful disregard for the truth resulted in Ms. James's wrongful arrest, confinement, and malicious prosecution. Ms. James was only released after a jury acquitted her of all charges on April 21, 2023. Ms. James was subjected to roughly 14 months of wrongful imprisonment and malicious prosecution based upon the misconduct at the hands of the Binghamton Police Department, the Binghamton Fire Department, and the Broome County District Attorney's Office.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

9. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

11. This Court has supplemental jurisdiction over the New York State

claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

12.  Plaintiff demands a trial by jury in this action.

## PARTIES

13.  Plaintiff Marquetta James ("plaintiff" or "Ms. James") is a resident of the State of Connecticut.

14.  Defendant City of Binghamton (herein referred to as "City) is a municipal corporation organized under the laws of the State of New York. It operates the City of Binghamton Police Department (herein referred to as "BPD"), which is a department or agency of defendant City of Binghamton responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein. The City also operates the City of Binghamton Fire Department (herein referred to as "BFD"), which is a department or agency of defendant City of Binghamton responsible for the appointment, training, supervision, promotion and discipline of firemen, fire marshals, investigators and supervisory officers withing the BFD, including the individually named defendants herein.

15.  Defendant Broome County is a municipal corporation organized under the laws of the State of New York. It operates the Broome County District Attorneys Office (herein referred to as "BCDAO") and Broome County Correctional Facility (herein referred to as "BCCF"), which are departments or agencies of defendant Broome County responsible for the operation of the BCCF and BCDAO. The BCCF

and the BCDAO are responsible for the appointment, training, supervision, promotion and discipline of correction officers and district attorneys, including the individually named defendants herein.

16. Defendant Detective Amanda Miller ("Miller"), at all times relevant herein, was an officer, employee and agent of the BPD. Defendant Miller is sued in her individual and official capacities.

17. Defendant Captain Cory Minor ("Minor"), at all times relevant herein, was the captain, employee and agent of the BPD. Defendant Minor is sued in his individual and official capacities.

18. Defendant Investigator Carl Peters ("Peters"), at all times relevant herein, was an investigator, employee and agent of the BPD. Defendant Peters is sued in his individual and official capacities.

19. Defendant Investigator Gary Laskowsky ("Laskowsky"), at all times relevant herein, was an investigator, employee and agent of the BPD. Defendant Laskowsky is sued in his individual and official capacities.

20. Defendant Sergeant Daniel Flanders ("Flanders"), at all times relevant herein, was a sergeant, employee and agent of the BPD. Defendant Flanders is sued in his individual and official capacities.

21. Defendant Fire Marshal Timothy O'Neill ("O'Neill"), at all times relevant herein, was a fire marshal, investigator, employee and agent of the BFD. Defendant O'Neill is sued in his individual and official capacities.

22. Defendant Lieutenant Nicholas Griswold ("Griswold"), at all times

relevant herein, was a lieutenant, fire marshal, investigator, employee and agent of the BFD. Defendant Griswold is sued in his individual and official capacities.

23. At all times relevant defendants John and Jane Doe 1 through 20 were police officers, detectives, supervisors, corrections officers, attorneys or firemen employed by the BPD, BFD, BCCF, and the BCDAO. Plaintiff does not know the real names or shield numbers of defendants John and Jane Doe 1 through 20.

24. At all times relevant herein, defendants John and Jane Doe 1 through 20 were acting as agents, servants and employees of the City of Binghamton, Broome County, the BPD, BFD, BCCF, and the BCDAO. Defendants John and Jane Doe 1 through 20 are sued in their individual and official capacities.

25. At all times relevant herein, all individual defendants were acting under the color of state law.

## STATEMENT OF FACTS

26. On or about February 15, 2022, at approximately 7:18AM, a fire broke out at 159 Conklin Avenue in Binghamton. An investigation ensued by the City of Binghamton Police Department and the City of Binghamton Fire Department.

27. Without any factual basis, Defendant Minor informed Defendant Miller that the fire was caused by arson.

28. On February 15, 2022, Defendant Peters filled out a felony complaint, swearing to the fact that Marquetta James set the fire at 159 Conklin Avenue, Binghamton, NY, in violation of NY PL § 150.15. *See* Exhibit B.

29. Prior to the fire being extinguished and the investigation being

completed, Ms. James was arrested and charged with arson in the second degree. *See* Exhibit B; Exhibit C – Expert Report of Marc Fennell.

30. The BFD finalized its investigation and concluded that the cause of the fire was undetermined. *See* Exhibit A.

31. In continuing with tunnel vision exhibited by the initial investigation, the Broome County District Attorney's Office continued with the prosecution even in the face of evidence that this was not the result of arson. As such, there was neither evidence to arrest nor prosecute.

32. Even in the face of the BFD's conclusion regarding the cause of the fire, the BPD and BFD concluded that the fire was the result of arson based upon speculation. *See* Exhibit A; Exhibit C.

33. The Defendants, with reckless disregard for Ms. James rights, continued with the prosecution, all the while Ms. James sat in the BCCF being subjected to deplorable conditions for over a year.

34. Ms. JAMES was found not guilty of arson on April 21, 2023, because of the forensic evidence that was available to the Defendants from the very beginning. Ultimately, over 14 months after her arrest, she was acquitted and released. During her time incarcerated, she was misdiagnosed with diabetes in the Broome County Correctional Facility.

35. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was properly served on the Defendants. *See* Exhibit D – Notice of Claim.

36. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37. This action has been commenced within one year and ninety days after the occurrence of the events upon which the claims are based.

38. Ms. James suffered damage as a result of Defendants' actions. Plaintiff was deprived of her liberty (she was incarcerated for over 14 months), was maliciously prosecuted, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, an unlawful search and damage to her reputation.

## FIRST CLAIM
## UNLAWFUL DETENTION AND DEPRIVATION OF LIBERTY PURSUANT TO § 1983

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested and detained Plaintiff without probable cause, which was affirmed in Plaintiff's acquittal and was detailed in both the BFD's report (Exhibit A) and Marc Fennell's report (Exhibit C). The Defendants had absolutely no probable cause to arrest Ms. James as a crime **did not happen**. Ms. James also suffered over 1 year of unlawful detention, from February 15, 2022 until her acquittal on April 21, 2023.

41. During the time incarcerated in the BCCF, Ms. James was subjected to deplorable conditions and misdiagnosed with diabetes.

42. As a direct and proximate result of this unlawful conduct, plaintiff

sustained the damages herein before alleged.

## SECOND CLAIM
## FALSE ARREST PURSUANT TO § 1983

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## MALICIOUS PROSECUTION AND
## ABUSE OF PROCESS PURSUANT TO § 1983

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Knowing that any colorable cause did not exist, all of the Defendants herein acted in concert and conspired with the other named defendants and other unidentified defendants, Jane and John Does, to use any means, no matter how unlawful or coercive, to get an indictment and take this matter to trial.

48. In fact, Det. Miller specifically testified at James' preliminary hearing that she was told that the fire at 159 Conklin Avenue was an arson by her captain, Defendant Minor.

49. In fact, it was the BFD's conclusion in their report that the cause of the fire was undetermined. However, Defendant Griswold testified before the grand jury

that the BFD came to the conclusion that the fire was caused by arson based upon speculation using evidence outside of the physical evidence found at the scene. *See also* Exhibit C.

50. Yet still, the named and unnamed defendants instituted a criminal action against Marquetta in the face of clear evidence that no crime had been committed at all.

51. These illegal and unconstitutional means included, but were not limited to, presenting unreliable evidence before the grand jury and, ultimately, the trial jury and failing to conduct any meaningful investigation.

52. At every juncture, the Defendants herein misrepresented the evidence in order to prosecute Marquetta. Ultimately, by the Grace of God, the jury concluded that Ms. James was not guilty of arson based, upon information and belief, in part, upon the BFD Defendants testimony on cross examination that the cause of the fire was undetermined.

53. The foregoing violations of Plaintiff's federal constitutional rights by the Defendants and their co-conspirators and accomplices, known and unknown, directly, substantially, proximately, and foreseeably caused the initiation and continuation of Plaintiff's criminal prosecution, her loss of liberty, and her other injuries and damages.

54. The forgoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendants' employment and authority.

55. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

56. By reason of the foregoing, the Defendants are liable to plaintiff, under 42 U.S.C. 1983, for compensatory and for punitive damages.

## FOURTH CLAIM
## STATE LAW ABUSE OF POWER

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, employed regularly issued criminal legal process against Plaintiff.

59. Specifically, they prosecuted Ms. James knowing full well no crime had been committed as the cause of the fire was not a result of human causation.

60. Defendants used such process in a perverted manner to obtain a collateral objective outside the legitimate ends of the process used, namely, to gain an unlawful arrest and conviction of Plaintiff. Defendants knew, believed, and intended that this evidence would later be used in court against Plaintiff at his criminal trial, and which were so used.

61. Defendants did so with an intent to do harm to Plaintiff, with actual malice, and without excuse or justification.

-11-

62. By virtue of the foregoing, Plaintiff was caused the actual and special damages identified in the subsection labeled Plaintiff's Damages.

## FIFTH CLAIM
## STATE LAW FALSE IMPRISONMENT AND FALSE ARREST

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

65. Plaintiff was conscious of her confinement.

66. Plaintiff did not consent to her confinement.

67. Plaintiff's confinement was not otherwise privileged.

68. Defendants City of Binghamton and Broome County, as an employer of the individual defendant officers, fire marshals, and prosecutors, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## DENIAL OF CONSTITUTIONAL AND
## STATUTORY RIGHT TO A SPEEDY TRIAL

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. The individual defendants created false evidence against Plaintiff.

72. The individual defendants forwarded false evidence to prosecutors in the

Broome County District Attorney's office and individual prosecutors knew that this evidence was unreliable because they were front and center during the investigation, as they had the expert report concluded that the cause of the fire was undetermined from the BFD.

73. In creating false evidence against plaintiff, and in presenting false information to the Grand jury and jury, the individual defendants violated plaintiff's right to fair court proceedings and caused plaintiff to be subjected to over 1 year of incarceration and 1 year of unlawful legal proceedings in violation of the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Defendants City of Binghamton and Broome County, through the BPD, BFD, BCDAO and the BCCF, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

77. Upon information and belief, all of the individual defendants were unfit

and incompetent for their positions.

78. Upon information and belief, defendants City of Binghamton and Broome County knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79. Upon information and belief, defendants City of Binghamton's and Broome County's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
### FAILURE TO INTERVENE

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

83. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW; ALL DEFENDANTS

85. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86. Defendants engaged in a continuous patters of extreme and outrageous conduct directed at Plaintiff from February 15, 2022, on the date of her arrested, until April 21, 2023, which was the date of her acquittal.

87. Defendants engaged in that pattern of conduct with an intention to cause, or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

88. Specifically, defendants individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, while acting in an investigative or administrative capacity, completely ignored the reliable scientific evidence that the fire at 159 Conklin Avenue was not the result of human conduct. The BCCF's employees likewise acted in an egregious manner when Ms. James was misdiagnosed and treated for diabetes and was subjected to deplorable conditions within the BCCF.

89. Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the Defendants' aforementioned actions.

90. By virtue of the foregoing, Plaintiff suffered the actual damages identified the above paragraphs.

91. Defendants City of Binghamton, Broome County, City of Binghamton Police Department, Binghamton Fire Department, Broome County Correctional

Facility, and Broome County District Attorney's Office is liable under the principle of respondeat superior.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   July 18, 2024
         Forest Hills, New York

JUSTIN C BONUS ATTORNEY AT LAW

*Justin Bonus*
Justin C. Bonus, Esq.
118-35 Queens Blvd, Suite 400
Forest Hills, NY 11375
347-920-0160
Justin.bonus@gmail.com

*Attorneys for Plaintiff*